**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LATAWNYA D. COWAN,

    Plaintiff,

    v.

    Case No. 25-cv-04035-DDC-RES

KVC BEHAVIORAL HEALTHCARE,
INC.,

    Defendant.

<u>**MEMORANDUM AND ORDER**</u>

This matter comes before the Court on pro se Plaintiff LaTawnya D. Cowan's Motion to Appoint Guardian Ad Litem and for Reasonable Accommodations. ECF No. 40.[1]  For the reasons stated below, the Court denies Plaintiff's Motion without prejudice.

**I.    FACTUAL BACKGROUND**

    **A.    Plaintiff's Litigation History**

Because Plaintiff, who is proceeding pro se, alleges she "lacks the cognitive ability to . . . understand complex agency policies and legal procedures," ECF No. 40 at 1, the Court begins by detailing Plaintiff's litigation history. Plaintiff is a frequent filer in this District.[2]

---

[1]    The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]    *See Cowan v. U.S. Dep't of Agriculture,* No. 26-1065-EFM-RES, ECF No. 1 (D. Kan. Mar. 14, 2026); *Cowan v. Comm'r of Soc. Sec. Admin.*, No. 26-1030-HLT-RES, ECF No. 1 (D. Kan. Feb. 6, 2026); *Cowan v. Kan. Dep't of Child. & Fams.*, No. 25-4131-DDC-RES, ECF No. 1 (Dec. 29, 2025); *Cowan v. Kan. Dep't for Child. & Fams.*, No. 25-4128-DDC-RES, ECF No. 1 (D. Kan. Dec. 22, 2025); *Cowan v. U.S. Dep't of Hous. and Urb. Dev.*, No. 25-4039-HLT-RES, ECF No. 1 (D. Kan. Apr. 14, 2025); *Cowan v. KVC Behav. Healthcare, Inc.*, No. 25-4035-DDC-RES, ECF No. 1 (D. Kan. Apr. 3, 2025); *Cowan v. State of Kan.*, No. 20-1243-JWB-GEB, ECF No. 1 (D. Kan. Sept. 10, 2020). In many instances, the Court has continued to use full

In addition to these lawsuits proceeding under her name, it appears Plaintiff has recently and historically filed other lawsuits proceeding under different names in this District. *See McCoy v. Kan. Dep't for Child. & Fams.,* No. 26-1050-DDC-RES, ECF No. 5 (D. Kan. Mar. 6, 2026) (notice and order to show cause requiring the named plaintiff, LaTawnya A. McCoy, to show cause in writing regarding whether Ms. Cowan is the real party in interest in that litigation for the reasons explained in that order); *see also McCoy v. State of Kan.,* No. 16-2129-JAR-JPO, ECF No. 1 (D. Kan. Feb. 29, 2016) (complaint filed on behalf of Leila McCoy with similar allegations). Based on the similarities of the allegations, it additionally appears that Ms. Cowan filed another lawsuit in this District as a Jane Doe plaintiff. *See Doe v. Kan. Dep't for Aging & Disability Servs.,* No. 25-2270-JWB-ADM, ECF No. 1 (D. Kan. May 17, 2025).

The Court is unable to determine the full scope of the number of cases Plaintiff has filed across the country in both state and federal courts. The footnote below reflects what appear to be some of her federal cases filed since 2025.[3]

---

citations to Plaintiff's cases after first reference to avoid confusion because many of these cases involve the same or similar defendants.

[3]       *See Cowan v. Cal. Dep't of Soc. Servs.*, No. 26-0095-BJC-BLM, ECF No. 1 (S.D. Cal. Jan. 6, 2026); *Cowan v. State of Mo. Soc. Servs. & Rehab. Servs. for the Blind*, No. 25-4084-SRB, ECF No. 1 (W.D. Mo. Apr. 4, 2025); *Cowan v. U.S. Dep't of Hous. & Urb. Dev.,* No. 25-0339-JFB-PRSE, ECF No. 1 (D. Neb. May 12, 2025); *Cowan v. San Diego Cnty.*, No. 25-0342-AGS-JLB, ECF No. 1 (S.D. Cal. Feb. 14, 2025); *Cowan v. U.S. Dep't of Health and Hum. Servs.*, No. 25-2100-BAS-BJW, ECF No. 1 (S.D. Cal. Apr. 22, 2025); *Cowan v. U.S. Dep't of Health and Hum. Servs.*, No. 25-0967-AGS-JLB, ECF No. 1 (S.D. Cal. Apr. 21, 2025); *Cowan v. U.S. Dep't of Agriculture*, No. 25-1081-RDM, ECF No. 1 (D.D.C. Apr. 9, 2025); *Cowan v. San Diego Cnty.*, No. 25-0697-AGS-JLB, ECF No. 1 (S.D. Cal. Mar. 24, 2025); *Cowan v. Wucher*, No. 25-4039-MDH, ECF No. 1 (W.D. Mo. Mar. 4, 2025); *Cowan v. State of Neb.*, No. 25-0163-JMG-PRSE, ECF No. 1 (D. Neb. Mar. 3, 2025); *Cowan v. Mo. Dep't of Soc. Servs.*, No. 25-0236-RWS, ECF No. 1 (E.D. Mo. Feb. 26, 2025) (transferred to the Western District of Missouri); *Cowan v. State of Colo.*, No. 25-0816-LTB-RTG, ECF No. 1 (D. Colo. Mar. 13, 2025); *Cowan v. Colo. Springs Hous. Auth.*, No. 25-0676-LTB-RTG, ECF No. 1 (D. Colo. Mar. 3, 2025).

**B.**      **Plaintiff's Motion to Appoint Guardian Ad Litem and for Reasonable Accommodations**

On March 14, 2026, Plaintiff filed a Motion to Appoint Guardian Ad Litem and for Reasonable Accommodations.  ECF No. 40.  In the Motion, Plaintiff requests appointment of a guardian ad litem pursuant to Federal Rule of Civil Procedure 17(c)(2) because she alleges she is "incompetent."  *Id*. at 1.  Specifically, Plaintiff states in relevant part:

> **2. Incapacity and Adjudication:** Plaintiff has been formally adjudicated mentally and judicially incompetent by judges Thomas Kennedy and Diana Bejarano of the Shawnee County Court. Previous family court determinations in Shawnee County, El Paso County, and San Diego County have consistently found that Plaintiff lacks the cognitive ability to exercise protective capacity or understand complex agency policies and legal procedures.
>
> **3. Medical Basis for Incapacity:** Plaintiff's incapacity is rooted in a developmental disability and complex post-traumatic stress disorder (C-PTSD). These conditions prevent the Plaintiff from appropriately representing herself in any business transaction or court proceeding without professional legal and social work assistance.

*Id.* (bolding original).

Plaintiff's Motion also requests certain accommodations due to "documented physical and sensory disabilities," which she describes as:

> 1. **Vision Impairment:** Plaintiff is blind and requires all court filings, notices, and correspondence to be provided in an accessible electronic format compatible with screen-reading software or in high-contrast large print.
>
> 2. **Mobility and Physical Health:** Plaintiff is mobility-impaired and suffers from **Spinal Muscular Atrophy (SMA)**, a chronic terminal illness.
>
> 3. **Systemic Health Complications:** Due to SMA-related organ failure, Plaintiff lives with:
> - o **Chronic Kidney Disease (CKD)**
> - o **Congestive Heart Failure (CHF)**
> - o **Insulin-Dependent Diabetes**

*Id.* at 1-2 (bolding original). Plaintiff requests "the Court and the Clerk's Office ensure all proceedings and communication methods account for these severe physical limitations, including the toll of chronic illness on her ability to attend in-person hearings or meet standard filing deadlines without assistance." *Id.* at 2. Due to her vision impairment, she asks that "all court filings, notices, and correspondence [ ] be provided in an accessible electronic format compatible with screen-reading software or in high-contrast large print." *Id.* at 1.

## II.    APPOINTMENT OF A GUARDIAN AD LITEM

### A.    Legal Standard

Rule 17(c)(2) states in pertinent part that the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Rule 17(c) "flows from the 'general duty of the court to protect the interests of infants and incompetents in cases before the court.'" *Doe v. U.S.D. 259*, No. 22-1279-TC-ADM, 2023 WL 11872621, at *1 (D. Kan. Jan. 26, 2023) (quoting *Garrick v. Weaver*, 888 F.2d 687, 693 (10th Cir. 1989)). The decision to appoint a guardian ad litem rests within the sound discretion of the district court and will be disturbed only for an abuse of discretion. *See Allstate Ins. Co. v. Brown*, 920 F.2d 664, 672 (10th Cir. 1990).

The Tenth Circuit interprets the phrase "incompetent person" in Rule 17(c) to "refer to a person without the capacity to litigate under the law of his state of domicile . . . ." *Graham v. Teller Cnty., Colo.*, 632 F. App'x 461, 465 (10th Cir. 2015) (quoting *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990)). The Court therefore analyzes where Plaintiff is domiciled and whether she has the capacity to litigate under the laws of the state of her domicile.

4

### B.    Plaintiff's Domicile and the Applicable State Law

In this case, Plaintiff has provided the Clerk's Office with a mailing address in Kansas, ECF No. 39, but she stated in her Motion for Leave to Proceed In Forma Pauperis that her legal residence is in California. ECF No. 3 at 5.[4] For the purposes of resolving this Motion, the Court will assume that Plaintiff is domiciled in California.

Under California law, a guardian ad litem can be appointed when "a person who lacks legal capacity to make decisions" is a party to a civil proceeding. Cal. Civ. Proc. Code § 372(a)(1). As relevant here, a "person who lacks legal capacity to make decisions" includes a "person who lacks capacity to understand the nature or consequences of the action or proceeding." Cal. Civ. Proc. Code § 372(a)(4)(A); *accord Lamon v. McTaggart*, No. 1:22-01421-KES-BAM (PC), 2025 WL 1532111, at *3 (E.D. Cal. May 28, 2025) ("Pursuant to California law, a party is incompetent 'if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case.'" (internal citations omitted)).[5]

In terms of evaluating claims of competence under Rule 17, the Court begins by analyzing whether there is "verifiable evidence of incompetence." *Beddow v. Rhodes*, No. 18-2442-JAR-

---

[4]    In another case in this District, Plaintiff represented she is domiciled in California. *See Cowan v. Comm'r of Soc. Sec. Admin.*, No. 26-1030-HLT-RES, ECF No. 17 (D. Kan. Mar. 6, 2026) (Plaintiff's Motion to Change Venue to the Southern District of California).

[5]    The Court's ultimate conclusion would not change if Plaintiff were domiciled in Kansas. Kanas law provides that the "court must appoint a guardian ad litem, or issue another appropriate order, to protect a minor or incapacitated person who is unrepresented in an action." Kan. Stat. Ann. § 60-217(c)(2). Kansas' interpretation of the phrase "incapacitated person" is similar to that in California. *See, e.g.,* Kan. Stat. Ann. § 77-201 ("'Incapacitated person' means an individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare . . . .").

TJJ, 2019 WL 6134474, at *3 (D. Kan. Nov. 19, 2019) (quoting *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012)).  Verifiable evidence of incompetence includes:

> evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or . . . verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent.

*Id.* (quoting *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)); *see also Aguilar v. Colo. State Penitentiary*, 656 F. App'x 400, n.2 (10th Cir. 2016) (finding the district court did not err in denying a request for the appointment of a guardian ad litem when no "verifiable evidence" of incompetence was presented).  California law similarly focuses on evaluating relevant evidence to determine the issue of competence.[6]

## C. Plaintiff's Competency

Here, Plaintiff has provided no verifiable evidence of incompetence.  Plaintiff alleges she has been "adjudicated mentally and judicially incompetent" by two courts and that there have been previous "family court determinations" in three courts that she "lacks the cognitive ability to exercise protective capacity or understand complex agency policies and legal procedures."  ECF No. 40 at 1.

But Plaintiff has not provided any verifiable evidence of such findings or the specific nature of those findings.  Plaintiff has been told by other courts that unverifiable allegations of incompetence, like she has made here, do not establish that she is legally incompetent pursuant to

---

[6]    *See Molina v. Flores*, No. 1:23-01553-CDB, 2024 WL 1722273, at *2 (E.D. Cal. Apr. 19, 2024) (under "California law, evidence of incompetence may be drawn from various sources, but the evidence relied upon must speak . . . to the court's concern . . . whether the person in question is able to meaningfully take part in the proceedings. . . . Thus, in connection with considering a party's proffered incompetence, this Court may consider, for instance, . . . declarations or letters from treating medical providers, as well as relevant medical records." (internal quotation marks omitted)).

Rule 17 or that a guardian should be appointed.[7]  Just as in that case, Plaintiff has not attached any court records as an exhibit to her Motion (in this case or in her other pending cases in the District of which the undersigned is aware) verifying a finding of incompetence by any court.  Her Motion does not include any case numbers or case captions for these cases where any determination was made.[8]  Plaintiff has not provided the Court with a timeframe for when these adjudications purportedly occurred.   If, for example, these court decisions were made years ago, they would not necessarily establish that Plaintiff currently is unable to understand the nature or consequences of this action.[9]

---

[7]      *See, e.g., Cowan v. Colo. Dep't of Hum. Servs.,* No. 26-872-RTG, ECF No. 7 (D. Colo. Mar. 24, 2026) (denying a motion to appoint guardian ad litem and stating "Plaintiff states that she is mentally incompetent to prosecute this civil action and references the findings of two California state court judges.  However, Plaintiff's statements, without more, do not constitute *verifiable evidence* that she is incompetent to proceed *pro se* in this action.  Therefore, the Motion will be denied without prejudice.").

[8]      The Court is aware of one case number because of her filings in a different case in the District.  *See, e.g., McCoy v. Kan. Dep't for Child. & Fams.,* No. 26-1050-DDC-RES, ECF No. 9 (D. Kan. Mar. 22, 2026) (referencing a case number from Shawnee County Family Court). Based on the date of that proceeding and Ms. Cowan's stated age, Plaintiff would have been a minor, which likely required the appointment of a guardian ad litem.  *See* Kan. Stat. Ann. § 38-2205(a) ("Upon the filing of a petition, the court shall appoint an attorney to serve as guardian *ad litem* for a child who is the subject of proceedings under this code.").  Being appointed a guardian as a minor does not establish the need for the appointment of a guardian for an adult.

[9]      *See, e.g., James v. Hamaker*, No. 15-02425-GPG, 2016 WL 97767, at *3 (D. Colo. Jan. 8, 2016) (finding medical records from over ten years ago insufficient to provide verifiable evidence of incompetence); *accord Harris v. Dreesen*, No. 222-01231JADEJY, 2023 WL 2537852, at *4 (D. Nev. Mar. 16, 2023) (denying a motion to appoint a representative for a purportedly incompetent person and stating that the "state-court minutes that Harris relies on indicate only that the judge in his criminal prosecution found that Harris wasn't competent almost a year ago to fire his criminal attorney and represent himself at his criminal trial.  Although the magistrate judge considered those minutes, she accurately noted that any alleged traumatic brain injury that Harris was suffering from did not appear to be causing him difficulty in this civil case now.").

And Plaintiff's actions in this District are not reconcilable with any claims of incompetence. In her response to Defendant's motion to dismiss, Plaintiff asserts she "voluntarily submitted to a psychiatric evaluation on two separate occasions which determined that she did not have any substance abuse, cognitive, or psychiatric disability that would prevent her from providing adequate care and supervision for her grandchildren." ECF No. 34 at 2. This seems to suggest recent findings of competence. In another case in this District, she purported to file an amended complaint seeking to bring claims on behalf of "LaTawnya Cowan, individually and as next friend for minors JCM & LC, Plaintiffs[.]" *See Cowan v. Comm'r of Soc. Sec. Admin.*, No. 26-1030-HLT-RES, ECF No. 27 at 1 (D. Kan. Feb. 6, 2026). Plaintiff cannot be both unable to represent herself in federal court but simultaneously filing documents seeking to act as a next friend for two minors.

Similarly, Plaintiff has provided no verifiable evidence regarding her asserted medical reasons for incompetence. In her Motion, Plaintiff states she has a "developmental disability and complex post-traumatic stress disorder" that prevent her from "appropriately representing herself in any . . . court proceeding without professional legal and social work assistance." ECF No. 40 at 1. However, Plaintiff has not included any letter or document from a medical professional verifying these medical conditions or informing the Court as to why such medical conditions would prevent Plaintiff from understanding the nature or consequences of this action.[10]

On the contrary, the Court finds Plaintiff has shown herself quite capable of understanding legal proceedings. As detailed above, Plaintiff has more federal court experience than most

---

[10]    *See Beddow*, No. 18-2442-JAR-TJJ, 2019 WL 6134474, at *3 (finding no error in denial of appointment of guardian ad litem where the submitted doctor's letter indicated mild problems with short-term memory, but did not indicate plaintiff was unable to represent herself in the action, and noting letter was not from a mental health professional retained to determine plaintiff's legal competency).

8

litigants.  She has adequately represented herself in this proceeding thus far by filing a complaint, filing motions, responding to Court orders, and responding to Defendant's Motion to Dismiss.[11] *See*, *e.g.*, ECF Nos. 1, 3, 7, 31 and 34.  Whether in this lawsuit or in her other cases pending in the District, Plaintiff's actions demonstrate a capacity to understand the nature and consequences of these proceedings.

Because Plaintiff has not provided verifiable evidence that she lacks the capacity to understand the nature or consequences of this legal proceeding, the Court exercises its discretion and denies her request to appoint a guardian ad litem under Rule 17(c)(2).  The Court, however, denies this request without prejudice.  If Plaintiff can provide ***current*** court orders or medical documentation showing she has been adjudicated incompetent or is being treated for mental illness or medial issues of the type that would render her legally incompetent, the Court, upon a proper motion with documentation attached, would consider a renewed application for a guardian ad litem.

## III.    PLAINTIFF'S REQUEST FOR REASONABLE ACCOMMODATIONS

Plaintiff's Motion also requests certain accommodations due to her disabilities and medical conditions.[12]  In another of Plaintiff's cases in the District, the District Judge addressed similar requests from Plaintiff.  *See Cowan v. Comm'r of Soc. Sec. Admin.,* No. 26-1030-HLT-RES, ECF No. 16 at 1-2 (D. Kan. Mar. 4, 2026).  There, Plaintiff was advised that she can receive filings

---

[11]    *See, e.g.*, *Graham*, 632 F. App'x at 465-66 (10th Cir. 2015) (finding no error in failure to appoint a guardian ad litem where plaintiff's involvement in case demonstrated his capability of effectively participating in legal proceedings, including the filing of two complaints and responses to several substantive motions).

[12]    Plaintiff's motion in the District of Colorado requested similar accommodations, which were denied.  *See Cowan v. Colo. Dep't of Hum. Servs.,* No. 26-872-RTG, ECF No. 7 (D. Colo. Mar. 24, 2026).

electronically by completing the Pro Se Electronic Notification Registration Form found at https://ksd.uscourts.gov/court-appointedself-representation-forms. *Id.* at 2. The District Judge also referred Plaintiff to the District's guidance for disability access at https://ksd.uscourts.gov/disability-access. *Id.*

The undersigned provides Plaintiff with the same information in this case. The Court also reminds Plaintiff that it routinely grants reasonable requests for extensions of time should Plaintiff's medical issues interfere with her ability to meet filing deadlines. Mindful of Plaintiff's circumstances, the Court has not set a single in-person hearing in any of Plaintiff's cases. If an in-person hearing is set in this matter or any other case in the District, Plaintiff may reach out to the Access Coordinator to inquire about what accommodations are available.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Guardian Ad Litem and for Reasonable Accommodations, ECF No. 40, is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: March 31, 2026, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge