**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LATAWNYA DENISE COWAN,<br>*Plaintiff,*<br>v.<br>KVC BEHAVIORAL HEALTHCARE, INC.,<br>*Defendant.* | Case No.<br>5:25-cv-04035-AWM-RES |

**MEMORANDUM AND ORDER**

Plaintiff Latawnya Denise Cowan sued KVC Behavioral Healthcare, Inc. ("KVC") under four federal statutes.[1] One claim survived KVC's motion to dismiss: her claim under Title II of the Americans with Disabilities Act. Doc. 42 at 13. KVC now moves for summary judgment on a single ground: Title II reaches only public entities, and KVC, a private not-for-profit corporation, is not one. Doc. 48. Plaintiff did not respond. KVC is not a public entity within the meaning of 42 U.S.C. § 12131(1), and the Court therefore **grants** KVC's Motion for Summary Judgment (Doc. 48).

## I. BACKGROUND

Plaintiff sued KVC under the ADA, the Indian Child Welfare Act, the Violence Against Women Act, and the Civil Rights Act, alleging that KVC denied her the accessible communication, alternative-format documents, and qualified neutral scribe she needed to complete the licensing process to become her grandsons' kinship care provider, and that KVC retaliated when she complained. Doc. 1 at 3–4. At in forma pauperis screening, Magistrate Judge Rachel E. Schwartz observed that Plaintiff's ADA claim might arise under Title II and flagged the question this motion now presents: whether KVC qualifies

[1] Plaintiff proceeds pro se. The Court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers, but it does not assume the role of her advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

as a "public entity," a question she noted would benefit from a more developed record. Doc. 6 at 2–5; *see* Doc. 42 at 11 (reading the screening order as construing the ADA claim as one arising under Title II).

KVC moved to dismiss. The Court granted that motion as to every claim KVC contested: the ICWA, VAWA, and Civil Rights Act claims were dismissed without prejudice for failure to state a claim, and the Title III ADA claim was dismissed with prejudice because Title III affords private plaintiffs no money damages. Doc. 42 at 6–13. But KVC's motion never addressed Title II, so the claim survived as uncontested. *Id.* at 13.[2]

KVC then moved for summary judgment, supporting its motion with a memorandum and a certified Certificate of Good Standing issued by the Kansas Secretary of State. Docs. 48, 49, 49-1. As D. Kan. Rule 56.1(d) requires when a represented party seeks summary judgment against a pro se opponent, KVC also filed and served a separate notice explaining the motion in plain language, with the full texts of Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 attached. Doc. 50. KVC served all of these papers by mail on April 14, 2026, and Judge Schwartz suspended the scheduling conference and related deadlines pending a ruling. Doc. 51. Plaintiff's response was due on May 8, 2026. *See* D. Kan. Rule 6.1(d)(1); Fed. R. Civ. P. 6(d). Plaintiff filed no response, sought no extension, and submitted no affidavit under Fed. R. Civ. P. 56(d). She has filed nothing in this case since.[3]

KVC's motion rests on a single uncontroverted fact: KVC is a private not-for-profit corporation in good standing with the Kansas Secretary of State. Doc. 49 at 2 ¶ 6; Doc.

---

[2] Judge Crabtree presided over this case through the Order on the Motion to Dismiss. The case was reassigned to the undersigned on June 23, 2026. Doc. 53.

[3] Plaintiff earlier moved to amend her Complaint to add a defendant. Judge Schwartz denied that motion without prejudice because Plaintiff did not attach a proposed pleading, as D. Kan. Rule 15.1(a)(2) requires. Docs. 44, 47. Plaintiff never renewed the motion, and no request to amend is pending.

49-1. The Court also accepts, and views in Plaintiff's favor, the record's indication that KVC administers, under contracts with state child-welfare agencies, foster-care case management, family-preservation services, and the kinship licensing process at issue here, and that it receives state and federal funds for that work. Doc. 1 at 4; Doc. 34 at 1–2; *see* Doc. 49 at 4–5 (describing KVC's contract with the Boone County Children's Division of the Missouri Department of Social Services).[4] Although the Court declined to consider Plaintiff's untimely Response when it ruled on the Motion to Dismiss, Doc. 42 at 5, it considers those assertions here because they are offered against the movant and taken in Plaintiff's favor. The record contains no evidence from either side that a government created KVC by statute, charter, or ordinance, or that a government operates or controls it as a constituent part.

## II. LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A movant need not disprove the nonmovant's claim; it may discharge its burden by pointing to the absence of evidence on an element the nonmovant must prove at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). A complete failure of proof on an essential element "renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

---

[4] KVC has taken inconsistent positions on this point, asserting in support of dismissal that the entity partnering with the Boone County Children's Division is KVC Behavioral Healthcare Missouri, Inc., and that the named defendant is "a legal entity separate from" it, Doc. 22 at 1–2, while its summary-judgment memorandum attributes the contract to KVC itself, Doc. 49 at 4–5. The Court resolves the conflict in Plaintiff's favor; the result is the same either way. Plaintiff's factual assertions in her Complaint and in her Response to the Motion to Dismiss, Docs. 1, 34, are unsworn and so are not evidence under Fed. R. Civ. P. 56(c)(1)(A), (c)(4). Neither filing is verified; the penalty-of-perjury attestation in Doc. 34 reaches only the certificate of service. The Court credits the assertions solely because doing so favors the nonmovant.

Plaintiff's failure to respond does not, by itself, entitle KVC to judgment. A party's failure to respond to a summary judgment motion "is not, by itself, a sufficient basis on which to enter judgment against the party"; the Court must still determine that the movant has shown both the absence of a genuine dispute of material fact and an entitlement to judgment as a matter of law. *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); *see also* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (summary judgment "cannot be granted by default"). The Court took the same approach earlier in this case when it declined to grant KVC's motion to dismiss as uncontested. Doc. 42 at 4–5. Silence does carry two consequences, however: KVC's properly supported facts are deemed admitted, D. Kan. Rule 56.1(a) and Fed. R. Civ. P. 56(e)(2), and Plaintiff has waived any responsive argument, *Reed*, 312 F.3d at 1195.

That result does not spring a trap on an unrepresented litigant. The Rule 56.1(d) notice KVC served told Plaintiff that she could not oppose summary judgment by resting on her Complaint, that she needed to submit affidavits or documents controverting KVC's facts, and that if she did not respond, the Court could accept those facts as true and enter judgment without a trial. Doc. 50. That notice was mailed to Plaintiff at the address on file with the Clerk. She did not answer it. Her pro se status does not excuse noncompliance with the rules that bind every litigant. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).

Earlier in this case, Plaintiff asserted that KVC had not served its filings in a format accessible to her visual impairment, Doc. 34 at 1, and she repeatedly sought appointment of counsel or a guardian ad litem and related accommodations, *see, e.g.*, Docs. 40, 45. Judge Schwartz denied those requests without prejudice. Docs. 41, 52. But Plaintiff raised no accessibility objection to this motion. The Court cannot construct an objection she never made. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 56(e)(1) would permit the Court to give Plaintiff another opportunity to address KVC's facts before treating them as undisputed. The Court sees no need to do so; the Rule 56.1(d) notice already served that function. The Court therefore proceeds under Rule 56(e)(2), and it has nonetheless examined the record before entering judgment. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment (noting that a court may examine the record before granting summary judgment against a pro se litigant).

## III. ANALYSIS

### A. Title II Applies Only to Public Entities.

Title II provides that no qualified individual with a disability shall, by reason of disability, be excluded from or denied the benefits of "the services, programs, or activities of a public entity." 42 U.S.C. § 12132. The statute defines "public entity" exhaustively as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49)." *Id.* § 12131(1). A defendant's status as a public entity is therefore an essential element of every Title II claim.

KVC is not a State or local government under subsection (A), and it is not the National Railroad Passenger Corporation or a commuter authority under subsection (C). The question reduces to a single phrase in subsection (B): whether KVC is an "other instrumentality" of a State or local government.

### B. KVC Is Not an Instrumentality of Government.

The Tenth Circuit has read that phrase narrowly. In *Phillips v. Tiona*, 508 F. App'x 737 (10th Cir. 2013), the court concluded that a private corporation operating a prison

under contract with the State of Colorado was not a public entity. Applying *noscitur a sociis*, the canon that a word is known by the company it keeps, the court reasoned that "instrumentality," appearing alongside "department, agency, or special purpose district," refers to "a traditional government unit or one created by a government unit." *Id.* at 754. The Eleventh Circuit agreed, putting it more directly in a passage *Phillips* quoted with approval: a private contractor does not "become liable under Title II merely by contracting with the State to provide governmental services, essential or otherwise." *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010), *quoted in Phillips*, 508 F. App'x at 748; *see Green v. City of New York*, 465 F.3d 65, 79 (2d Cir. 2006) (an instrumentality is "a creature of a state or municipality"; a private hospital performing services under contract with a municipality and under its direction is instead "a parallel private entity"). *Phillips* considered and rejected the contrary view: that an entity performing a function within the exclusive province of the State is an instrumentality. 508 F. App'x at 749–54. That view, drawn from Judge Barkett's dissent in *Edison*, had gained no traction in the caselaw. *Id.* at 749. Because *Phillips* is unpublished, it is not binding, but the Court finds its reasoning persuasive. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1(A).

Applying that standard, the Court concludes that KVC is not a public entity. Nothing in the record suggests that KVC is a traditional unit of government or that any government created it. The Certificate of Good Standing identifies KVC as a domestic not-for-profit corporation filed with the Kansas Secretary of State on December 30, 1968, and reflects no governmental charter, statute, or ordinance bringing it into existence. Doc. 49-1. Plaintiff, who would bear the burden at trial on every element of her claim, has submitted no competent summary-judgment evidence. That is a complete failure of proof on an essential element. *Celotex*, 477 U.S. at 322–23.

### C. Contracts and Federal Funds Do Not Create a Public Entity.

Construed liberally, Plaintiff's earlier filings appear to advance the theory that KVC is a public entity because it receives state and federal funds and acts as the government's agent in administering foster care. Doc. 34 at 1–2. Even crediting each factual premise, the theory fails as a matter of law.

Child welfare, like corrections, may well be a quintessentially governmental function. But *Phillips* reasoned that performing a governmental function under contract does not convert a private contractor into an instrumentality of government. 508 F. App'x at 754. Funding fares no better: nothing in § 12131(1) turns on the source of an entity's money. Congress knew how to reach private recipients of federal financial assistance. It did so in the Rehabilitation Act, which applies to any "program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see id.* § 794(b)(3)(A)(ii) (defining "program or activity" to reach an entire private corporation "principally engaged in the business of providing . . . social services"). Title II contains no comparable language.[5]

### D. The Screening Order's Concerns Are Resolved on This Record.

That leaves the concerns Judge Schwartz raised at screening. She observed that public-entity status turns on facts specific to the entity at issue, that the record then before her was too limited to resolve the question, and that neither the Tenth Circuit nor this District had addressed whether a defendant providing the services alleged here falls

[5] The Court does not construe the Complaint to plead a claim under § 504 of the Rehabilitation Act, which, unlike Title II, reaches private recipients of federal financial assistance. 29 U.S.C. § 794(a); *see id.* § 794(b)(3)(A)(ii). Plaintiff's Response to the Motion to Dismiss asserted that KVC must comply with the Rehabilitation Act, Doc. 34 at 1, but a response brief does not amend a complaint, and the Court declined to consider that filing in any event, Doc. 42 at 5. The Court previously declined to construe the Complaint's "USDHHS ADA" language as stating a separate cause of action, Doc. 42 at 2 n.2, and no § 504 claim was pleaded or resolved by that Order. Liberal construction does not license the Court to draft new claims for a litigant at summary judgment. *Hall*, 935 F.2d at 1110.

within Title II. Doc. 6 at 3–5. She also noted that *Phillips* itself reached the question on appeal from a grant of summary judgment, not on screening. *Id.* at 3. This case is now in that posture, and the record Judge Schwartz called for now exists. It consists of a certified public record of private incorporation and nothing suggesting governmental creation or control. The absence of authority addressing a child-welfare contractor does not alter the analysis because the test *Phillips* adopted does not vary with the service a contractor provides; it asks whether the entity is a traditional unit of government or was created by one. Nor is that test confined to the corrections context: *Phillips* drew it from the Second Circuit, which applied it to a private hospital serving under municipal contract and direction. *Green*, 465 F.3d at 79. Plaintiff therefore cannot establish an essential element of her only remaining claim.

## IV. CONCLUSION

Congress limited Title II to governments and their instrumentalities, and KVC is neither. Judgment must therefore enter for KVC on the only claim left in this case. In doing so, the Court makes no finding that KVC treated Plaintiff fairly, that her requests for accessible documents or a neutral scribe were unreasonable, or that she is unfit to care for her grandchildren. The Court does not reach the merits of her accommodation and retaliation allegations. It holds only that the statute underlying her remaining claim does not reach this defendant.

**THE COURT THEREFORE ORDERS** that KVC's Motion for Summary Judgment (Doc. 48) is **GRANTED**. Judgment shall be entered in favor of Defendant KVC Behavioral Healthcare, Inc. and against Plaintiff on her claim under Title II of the Americans with Disabilities Act. That judgment disposes of the last claim in this case:

Plaintiff's claim under Title III of the Americans with Disabilities Act was previously dismissed with prejudice, and her claims under the Indian Child Welfare Act, the Violence Against Women Act, and the Civil Rights Act were previously dismissed without prejudice. Doc. 42 at 13. The Clerk is directed to enter judgment accordingly under Fed. R. Civ. P. 58 and to close the case.

**IT IS SO ORDERED.**

Dated this 24th day of August, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge